UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § § | |
| vs. § § | CRIMINAL NO. 4:22-CR-64 |
| DAVID PAUL CRAIG § | |

### PRELIMINARY ORDER OF FORFEITURE

On May 24, 2022, Defendant David Paul Craig pleaded guilty to Counts One and Two of the Indictment. Count One charges Defendant with **Distribution of Child Pornography**, in violation of Title 18, United States Code, Sections 2252A(a)(2)(B) and 2252A(b)(1). Count Two charges Defendant with **Possession of Child Pornography**, in violation of Title 18, United States Code, Section 2252A(a)(5)(B) and 2252A(b)(2).

The Indictment provided the defendant notice that, in the event of conviction, the United States would seek to forfeit, pursuant to Title 18, United States Code, Section 2253(a)(2) and (a)(3), all property, real and personal, constituting or traceable to gross profits or other proceeds obtained from the offenses charged in Counts One and Two; and all property, real and personal, used or intended to be used to commit or to promote the commission of the offenses charged in Counts One and Two, or any property traceable to such property. Based on the record, the Court finds that the United States has established the requisite nexus between the property listed below and the offenses of conviction. Specifically, the Defendant used a Dell Precision laptop to possess and distribute multiple images of child pornography. These images of children engaged in sexually explicit conduct meet the federal statutory definition of child pornography as defined under federal law (18 U.S.C. 2256(2)(A)).

Accordingly, the Court ORDERS that:

(1) The Dell Precision laptop (the "electronic device") is forfeited to the United States of

America;

2) The United States of America shall publish notice of this forfeiture order and shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

3) Any person, other than the Defendant, asserting a legal interest in the electronic device may, within thirty (30) days of the final publication of notice or receipt of notice, whichever is earlier, petition the Court for a hearing to adjudicate the validity of their alleged interest in the property. The petition shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in that property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in that property, and any other facts which support the petitioner's claim and the relief sought. The petition shall be filed with the United States District Clerk, Southern District of Texas, Houston Division, United States Courthouse, 515 Rusk Avenue, Houston, Texas 77002. A copy of the petition shall be sent to Stephanie Bauman, Assistant United States Attorney, 1000 Louisiana, Suite 2300, Houston, Texas 77002.

4) If no one has filed a petition asserting an interest in the electronic device, in accordance with 21 U.S.C. § 853(n) before the expiration of the period provided, any and all potential third-party petitioners will be held in default and this order will be final as to any and all third-party petitioners. See 21 U.S.C. § 853(n)(7).

5) Pursuant to Fed. R. Crim. P. 32.2(b)(4)(B) the forfeiture shall be made part of the defendant's sentence and included in the judgment.

Signed at Houston, Texas, on _____May 25_____, 2022.

Andrew S. Hanen
United States District Judge